# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ALABAMA

### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.   ) | CASE NO. |
| ) | |
| **JAMARCY JOHN MACON**   ) | |

## PLEA AGREEMENT

The United States of America and defendant JAMARCY JOHN MACON hereby acknowledge the following plea agreement in this case:

### PLEA

The defendant agrees to plead guilty to **COUNTS** ONE and TWO of the INFORMATION filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below.

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT:

The Parties understand that the maximum statutory punishment that may be imposed for the crime of WIRE FRAUD, in violation of Title 18, United States Code, Section 1343, as charged in COUNT ONE, is:

    a. Imprisonment for not more than 30 years;

    b. A fine of not more than $1,000,000.00, or,

    c. Both (a and b);

    d. Supervised release of not more than 5 years; and

    e. Special Assessment Fee of $100 per count.

### II. FACTUAL BASIS FOR PLEA:

The United States is prepared to prove the following facts at the trial of this case:

In December 2006, multiple victims reported to state investigators that counterfeit checks were being written on their checking accounts in Georgia and Florida. The counterfeit checks included the victims names, addresses, and account numbers  Through the course of the investigation, it was determined that all of the victims had written checks at Lenox Outlet at Watermark Place in

Bessemer, Alabama. It was further determined that different cashiers accepted the checks and only the store manager and assistant store manager had access to all of the checks written at Lenox Outlet.

Jamarcy John Macon was identified as the source of the account information because he was the only Lenox Outlet employee with access to all checks who worked each day that each victim wrote a personal check to Lenox Outlet. Macon was hired as an assistant manager on September 25, 2006, and the first victim wrote a check to Lenox Outlet in October 2006.

State investigators executed a state search warrant at Macon's residence in Shelby County on May 4, 2007. During the execution of the search warrant, agents found photocopies of checks written by customers of Lenox to the Lenox Outlet. Further, a computer was seized which contained further identities that included names, dates of birth, Social Security Numbers, addresses, and checking account numbers.

On May 4, 2007, Macon was interviewed by state law enforcement agents. After being warned of and waiving his Miranda Rights, Macon admitted to obtaining check account information and providing that information to an individual in Atlanta named Kris Holt. Macon stated that Holt recruited Macon to obtain personal and financial information in order to forward to Holt for a check

scam. Macon claimed that he did not know much about how the scam worked. Macon stated that Holt paid Macon between $2,000.00 and $3,000.00 by means of Western Union for providing the account information. As recently as May 3, 2007, Macon stated that Holt called Macon to confirm that Macon received $600.00 that was recently sent. Macon stated that he usually received $300.00 to $400.00 at a time. Finally, Macon stated that he knew what he was doing was wrong and that he wanted to stop.

After the interview, agents obtained records from Western Union regarding money transfers to Macon. These records showed fourteen money transfers with nine transfers from Holt. All wire transfers from Holt originated outside the State of Alabama, with eight of the nine wire transfers being received by Macon in the Northern District of Alabama. Specifically, on November 13, 2006, Holt wired $1,110.00 [handwritten correction from $1,100.00] to Macon via Western Union. The wire transfer originated in Florida, and was received by Macon in Bessemer, Alabama.

On September 14, 2007, Macon was interviewed by USPIS Inspector Scott Barber. After being warned of and waiving his Miranda Rights, Macon stated that he forwarded Holt checking account information. Macon again admitted that he stole checking account information while working at Lenox Outlet in order to forward to Holt. Macon reiterated that Holt approached Macon to steal the

account information and Macon agreed. Macon stated that Holt told Macon that he needed information on the checks as well as driver's license numbers and dates of birth. Macon told agents that he provided Holt with checking account information approximately ten to fifteen times beginning in late 2006, and he was given $3,000.00 to $4,000.00 in exchange for forwarding the account information by means of Western Union transfers. Macon surmised at a later date that Holt was making counterfeit checks. Macon also admitted to providing identities while working at a different job before taking the job at Lenox Outlet. The total value of the nine wire transfers from Holt to Macon that occurred between November 2006 and May 2007 is $4,173.00.

All of these actions occurred or originated in the Northern District of Alabama.

**The defendant hereby stipulates that the facts as stated above are substantially correct.**

_____
JAMARCY JOHN MACON

### III. COOPERATION BY DEFENDANT:

The defendant agrees to waive Fifth Amendment privilege against self-incrimination and to provide **TRUTHFUL AND COMPLETE INFORMATION** to the government concerning any/all aspects of the charged crimes, including, but not limited to, role/participation in the offenses, as well as the roles taken by and the extent of participation of all other persons involved in these crimes of whom the defendant has knowledge. The defendant agrees to testify against all of these individuals at any time requested by the United States, including, at any Grand Jury proceeding, forfeiture proceeding, bond hearing, pretrial hearing, trial, retrial, or post-trial hearing. **ALL SUCH INFORMATION AND TESTIMONY SHALL BE TRUTHFUL AND HONEST AND WITH NO KNOWING MATERIAL FALSE STATEMENTS OR OMISSIONS.**

Further, the defendant agrees to provide assistance and cooperation to the United States as defined and directed by the or any other investigative agency or body as the United States Attorney for the Northern District of Alabama may authorize, which cooperation may include the
defendant's periodic submission to a polygraph examination to determine the truthfulness and accuracy of statements and information.

## IV. MOTION PURSUANT TO USSG § 5K1.1 AND/OR 18 U.S.C. § 3553(e):

In the event the defendant provides assistance that rises to the level of "substantial assistance," as that term is used in USSG § 5K1.1, the United States agrees to file a motion requesting a downward departure in the defendant's sentence. Should any of the counts of conviction subject the defendant to a mandatory minimum sentence, the United States may also seek a sentence reduction below said mandatory minimum sentence, by including in its motion a recommendation pursuant to the provisions of 18 U.S.C. § 3553(e). The parties agree that the determination of whether defendant's conduct rises to the level of "substantial assistance" and/or whether defendant's conduct merits consideration under 18 U.S.C. § 3553(e) lies solely in the discretion of the United States Attorney's Office. Furthermore, the parties agree that the decision as to the degree or extent of the downward departure requested, if any, also lies in the sole discretion of the United States.

Should the government move to reduce the defendant's sentence, a motion will be filed prior to the defendant's sentencing hearing and will outline all material assistance which the defendant has provided. The parties clearly understand and acknowledge that because the defendant's plea is being offered in accordance with Rule 11(c)(1)(B), Fed.R.Crim.P., the Court will not be bound by

the government's recommendation and may choose not to reduce the sentence at all.

## V. RECOMMENDED SENTENCE:

Pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government, **in the absence of "substantial assistance" by the defendant**, will recommend the following disposition:

- (a) That the defendant be awarded an appropriate reduction in the offense level for acceptance of responsibility;

- (b) That the defendant be sentenced at the low end of the Sentencing Guidelines range;

- (c) That the defendant pay a special assessment fee of $100.00, said amount due and owing as of the date sentence is pronounced;

- (d) That the defendant consent to the forfeiture set out in COUNT TWO;

- (e) That the defendant's sentence run concurrent with the sentence imposed in 2:08-cr-224, and/or the defendant receive jail credit in this case for any time served in 2:08-cr-224;

    (f)    That the defendant pay restitution in the amount of $16,399.43 to:

    Regions Bank    $12,107.00
    Attn: Mike Wallace
    Corporate Security
    P.O. Box 10105
    Birmingham, AL 35202.

    America's First Credit Union    $4,292.43
    Attention: Aneitra Eades
    1200 Fourth Avenue North
    Birmingham, AL 35203

## VI. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF:

In consideration of the recommended disposition of this case, I, JAMARCY JOHN MACON, hereby waive and give up my right to appeal my conviction in this case, as well as any fines, restitution, and/or sentence the court might impose upon me. Further I waive and give up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-

conviction proceeding any or all of the following:

      (a)    Any sentence imposed in excess of the applicable statutory maximum sentence(s); and

      (b)    Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at the time sentence is imposed.

The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case with his attorney, who explained them to his satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, JAMARCY JOHN MACON, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

X *[signature]*
JAMARCY JOHN MACON

## VII. UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States

Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VIII. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT**, and that the Court need not accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, he does not have the right to withdraw his plea.

## IX. VOIDING OF AGREEMENT:

The defendant understands that should he (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept his plea of guilty in accordance with, or pursuant to, the provisions of North Carolina

v. Alford, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

## X. OTHER DISTRICTS AND JURISDICTIONS:

The parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## XI. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:

Unless otherwise specified herein, the parties understand and acknowledge that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XII. DEFENDANT'S UNDERSTANDING:

I have read and understand the provisions of this agreement consisting of

FIFTEEN (15) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated hereafter:

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this

Agreement and have signed the signature line below to indicate I have read and approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

2-26-09
DATE

JAMARCY JOHN MACON
Defendant

### XIII. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client in detail and have advised him of his rights and all possible defenses. My client has conveyed to me that he understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

2-26-09
DATE

HENRY LAGMAN, ESQ.
Defendant's Counsel

## XIV. <u>GOVERNMENT'S ACKNOWLEDGMENT</u>:

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

ALICE H. MARTIN
United States Attorney

3/5/2009

DATE

JEFFERY A. BROWN, JR.
Assistant United States Attorney